UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BARBARA R. JOHNSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NANTICOKE MEMORIAL HOSPITAL, INC.<br>AND NANTICOKE HEALTH SERVICES, INC.,<br><br>　　　　Defendants. | C.A. No. 07-CV-00685<br>*** LPS |

### DEFENDANTS' MOTION FOR LEAVE TO FILE THEIR ANSWER OUT OF TIME

Now comes the Defendants, by and through their undersigned counsel, and hereby respectfully moves the Court to grant them leave to file their answer out of time. This motion is supported by attached memorandum.

Respectfully submitted,

CASARINO, CHRISTMAN & SHALK, P.A.

Date: 12/7/07

_/s/ Beth Christman_
Beth Christman, Esq.
Bar I.D. No. 2107
Connectiv Building
800 North King Street, Suite 200
P.O. Box 1276
Wilmington, DE 19899
(302) 594-4500
(302) 594-4509 (fax)
bchristman@casarino.com

OBER, KALER, GRIMES & SHRIVER, P.C.

_/s/ Térese M. Connerton_
Térese M. Connerton, Esq.
1401 H Street, N.W., Suite 500
Washington, DC 20005
(202) 326-5022
(202) 336-4222 (fax)
tmconnerton@ober.com
Attorneys for the Defendants
Of Counsel

## CERTIFICATE OF SERVICE

I, BETH H. CHRISTMAN, hereby certify that I have E-FILED on this **7th** day of **December, 2007**, true and correct copies of the attached Defendants' Motion for Leave to File Answer Out of Time addressed to:

>Eric M. Andersen, Esquire
>H. Alfred Tarrant, Jr., Esquire
>Cooch and Taylor
>824 Market Street, Suite 1000
>P.O. Box 1680
>Wilmington, DE 19899

>/s/ Beth H. Christman
>BETH H. CHRISTMAN, ESQUIRE
>I.D. No. 2107
>Casarino, Christman & Shalk, P.A.
>800 North King Street, Suite 200
>P.O. Box 1276
>Wilmington, DE 19899
>(302) 594-4500

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BARBARA R. JOHNSON,<br><br>    Plaintiff,<br><br>v.<br><br>NANTICOKE MEMORIAL HOSPITAL, INC.<br>AND NANTICOKE HEALTH SERVICES, INC.,<br><br>    Defendants. | C.A. No. 07-CV-00685<br>*** LPS |

### DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION FOR LEAVE TO FILE ANSWER OUT OF TIME

Defendants, by and through their undersigned counsel, presented a motion for leave to file an answer out of time. Defendants, in support of this Motion, state as follows:

1. Plaintiff initially filed a Complaint in this Court on or about July 20, 2007. The case number was 07-00454. The allegations in the Complaint involved the same Plan. Defendants' counsel wrote to Plaintiff's counsel requesting a dismissal of the action on the ground that there was no legitimate cause of action. Plaintiff dismissed the action without prejudice on September 7, 2007.

2. Plaintiff filed a new suit in this Court on October 30, 2007. The allegations in the Complaint involved the same Plan. Defendants were served with the Complaint on November 5, 2007.

3. At the same time the Complaint was served, the Defendants' two corporate officers -- the Chief Executive Officer ("CEO") and the Chief Financial Officer ("CFO") -- left the Defendants' employ. A new CEO and an acting CFO were appointed. Because of these

significant changes in the corporation, the Complaint did not get forwarded to ERISA counsel until November 27, 2007, the day after the deadline for filing an Answer.

4. Defendants' counsel immediately wrote to Plaintiff's counsel on November 27, 2007 and requested dismissal of action. Defendants' counsel had hoped to avoid hiring local counsel and incurring the time and expense of defending this action which she believes has no basis in law and fact.

5. Instead of answering the Defendants' counsel letter or the phone message left, Plaintiff's counsel requested the Clerk on November 28, 2007 for entry of default. Service of the request was not sent to counsel, but to the Director of Finance, on that date and ERISA counsel just received notice of it. Had Plaintiff's counsel contacted Defendant's counsel and indicated that dismissal would not be forthcoming, Defendants would have filed their Answer sooner.

6. This week Defendants' counsel contacted Mr. Tarrant who indicated that he did not believe that a voluntary dismissal would be forthcoming.

7. Defendants have retained local counsel to assist them in defending this action.

8. The Answer to be filed accompanies this motion.

9. No prejudice has inured to Plaintiff for this minimal delay in filing this Answer.

10. Defendants' counsel has attempted, pursuant D. Del. LR 7.1.1, to reach an agreement with Plaintiff's counsel on the matter set forth in this motion. Unfortunately,

Plaintiff's counsel just received a voice message from Eric Andersen who has indicated that he would not be available until December 13, 2007.

Respectfully submitted,

CASARINO, CHRISTMAN & SHALK, P.A.

Date: 12/7/07

_____
Beth Christman, Esq.
Bar I.D. No. 2107
Connectiv Building
800 North King Street, Suite 200
P.O. Box 1276
Wilmington, DE 19899
(302) 594-4500
(302) 594-4509 (fax)
bchristman@casarino.com

OBER, KALER, GRIMES & SHRIVER, P.C.

_____
Térese M. Connerton, Esq.
1401 H Street, N.W., Suite 500
Washington, DC 20005
(202) 326-5022
(202) 336-4222 (fax)
tmconnerton@ober.com
Of Counsel
Attorneys for the Defendants

## CERTIFICATE OF SERVICE

I, BETH H. CHRISTMAN, hereby certify that I have E-FILED on this **7th** day of **December, 2007**, true and correct copies of the attached Defendants' Memorandum In Support of Their Motion addressed to:

>Eric M. Andersen, Esquire
>H. Alfred Tarrant, Jr., Esquire
>Cooch and Taylor
>824 Market Street, Suite 1000
>P.O. Box 1680
>Wilmington, DE 19899

>/s/ Beth H. Christman
>BETH H. CHRISTMAN, ESQUIRE
>I.D. No. 2107
>Casarino, Christman & Shalk, P.A.
>800 North King Street, Suite 200
>P.O. Box 1276
>Wilmington, DE 19899
>(302) 594-4500

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BARBARA R. JOHNSON,<br><br>Plaintiff,<br><br>NANTICOKE MEMORIAL HOSPITAL, INC.<br>AND NANTICOKE HEALTH SERVICES, INC.,<br><br>Defendants. | C.A. No. 07-CV-00685<br>*** LPS |

## ORDER

Upon review and consideration of the Defendants' Motion for Leave to File an Answer Out of Time and the supporting Memorandum in support thereof, the Court hereby

**ORDERS** that Defendants' Motion is **GRANTED**; and Defendants have leave to file their Answer Out of Time.


Dated: _____     _____
                                    Magistrate Judge Leonard P. Stark

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BARBARA R. JOHNSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NANTICOKE MEMORIAL HOSPITAL, INC. ) <br> AND NANTICOKE HEALTH SERVICES, INC., ) <br> ) <br> Defendants. ) <br> ) | C.A. No. 07-CV-00685 <br> *** LPS |

## ANSWER

Defendants Nanticoke Hospital Services, Inc. and Nanticoke Memorial Hospital, Inc., by their undersigned counsel, for their Answer to the Complaint in the above entitled action state as follows:

1. Defendants deny the allegation set forth in paragraph 1 that Plaintiff's claims "relate to" an "employee welfare benefit plan" as defined in the Employment Retirement Income Security Act ("ERISA"). Defendants deny that the Court has jurisdiction of this action pursuant to 28 U.S.C. §1337 and 29 U.S.C. §1132(e) because Plaintiff is not a "participant" in the Plan within the meaning of Section 3(7) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1002(7). Defendants further state that the Plan is an "employee pension plan" under Section 3(2) of ERISA, 29 U.S.C. §1002(2).

2. Defendants admit the allegation set forth in paragraph 2.

3. Defendants admit the allegation set forth in paragraph 3.

4. Defendants admit that they are corporations authorized to transact and transacting business in the State of Delaware, but deny the remaining allegations set forth in paragraph 4.

5. Defendants admit that allegations set forth in paragraph 5.

6. Defendants deny the allegations set forth in paragraph 6. Defendants state that the Defendant Nanticoke Memorial Hospital, Inc. does not administer the nonqualified deferred compensation plan.

7. Defendants admit the allegation set forth in paragraph 7.

8. Defendants admit that Mr. Hancock is divorced from Plaintiff and that, in the past, Defendant Nanticoke Health Services, Inc. did on a voluntary basis, as an accommodation to Mr. Hancock, send a portion of Mr. Hancock's benefits to Plaintiff. However, Defendant Nanticoke Health Services, Inc. has elected to cease such accommodation and will be providing the benefits directly to Mr. Hancock as called for in the Plan. Defendants deny the rest of the allegations set forth in paragraph 8.

9. Defendants admit the allegations set forth in paragraph 9.

10. Defendants deny the allegations set forth in paragraph 10. Defendants state that Nanticoke Health Services, Inc. started to withhold FICA taxes from the unfunded deferred compensation benefits paid on behalf of Mr. Hancock beginning with the August 2006 payment. Defendants admit that they withheld from the January 2007 payment FICA taxes that should have been withheld from distributions prior to August 2006.

11. Defendants admit that the Plan does not provide for any administrative procedures to resolve disputes. Defendants further state that Plaintiff would not have any right to avail herself of any administrative procedures because she is not a participant or beneficiary of the Plan. Defendants deny the remaining allegations set forth in paragraph 11.

12. Defendants neither admit nor deny the allegations set forth in paragraph 12. To the extent an answer is necessary, Defendants reassert their answers to paragraphs 1 through 11 contained herein.

13. Defendants deny the allegations set forth in paragraph 13.

14. Defendants deny the allegations set forth in paragraph 14.

15. Defendants deny the allegations set forth in paragraph 15.

16. Defendants deny the allegations set forth in paragraph 16.

17. Defendants deny the allegations set forth in paragraph 17.

18. Defendants deny the allegations set forth in paragraph 18.

19. Defendants neither admit nor deny the allegations in paragraph 19. To the extent an answer is necessary, Defendants reassert their answers to paragraphs 1 through 18 contained herein.

20. The allegation set forth in paragraph 20 is a legal assertion and conclusion to which no response is required.

21. Defendants deny the allegations set forth in paragraph 21.

## AFFIRMATIVE DEFENSES

Defendants allege the following affirmative defenses to the Complaint:

1. Plaintiff fails to state a claim against Defendants on which relief can be granted.

2. This Court lacks subject matter jurisdiction of this ERISA action since Plaintiff is neither a participant nor a beneficiary of the Plan.

3. Plaintiff is barred from recovery since she lacks standing this action.

4. Plaintiff is barred from recovery since the Plan does not provide any benefits to Plaintiff.

5. The Defendant Nanticoke Health Services, Inc. is not required under the Plan or the Ancillary Stipulation and Order to pay Plaintiff any benefits.

6. Plaintiff's claims are barred because the relief requested is not cognizable under ERISA §502(a)(1)(B) or §502(a)(3), 29 U.S.C. §§1132(a)(1)(B) and (a)(3).

7. Plaintiff's claims are barred because Plaintiff claims benefits through her former husband Mr. Hancock who has executed a valid release supported by adequate consideration, releasing Defendants from any and all claims, losses and damages that he and his successors in interest may have against Defendants.

8. Defendant Nanticoke Memorial Hospital, Inc. is not a proper Defendant since it is not a party to or sponsor of the Plan.

9. Defendants reserve the right to assert any and all other defenses that may become known.

10. Plaintiff is not entitled to a jury trial under ERISA.

11. Plaintiff is not entitled to attorney fees under ERISA §502(g)(1), 29 U.S.C. §1132(g)(1).

WHEREFORE, Defendants pray to this Court for the following relief:

1. To strike the demand for a jury trial.

2. For dismissal of the Plaintiff's action with prejudice.

3. For an order that Plaintiff shall take no relief from her complaint.

4. For an award of Defendants' costs and attorneys' fees herein incurred; and

5. For such further and other relief as the Court deems fair and just.

        Respectfully submitted,

        CASARINO, CHRISTMAN & SHALK, P.A.

Date: 12/7/07

        /s/ Beth Christman
        Beth Christman, Esq.
        Bar I.D. No. 2107
        Connectiv Building
        800 North King Street, Suite 200
        P.O. Box 1276
        Wilmington, DE 19899
        (302) 594-4500
        (302) 594-4509 (fax)
        bchristman@casarino.com

        OBER, KALER, GRIMES & SHRIVER, P.C.

        /s/ Térese M. Connerton
        Térese M. Connerton, Esq.
        1401 H Street, N.W., Suite 500
        Washington, DC 20005
        (202) 326-5022
        (202) 336-4222 (fax)
        tmconnerton@ober.com
        Of counsel
        Attorneys for the Defendants

## CERTIFICATE OF SERVICE

I, BETH H. CHRISTMAN, hereby certify that I have E-FILED on this **7th** day of **December, 2007**, true and correct copies of the attached Answer addressed to:

>Eric M. Andersen, Esquire
>H. Alfred Tarrant, Jr., Esquire
>Cooch and Taylor
>824 Market Street, Suite 1000
>P.O. Box 1680
>Wilmington, DE 19899

>　　/s/ Beth H. Christman
>BETH H. CHRISTMAN, ESQUIRE
>I.D. No. 2107
>Casarino, Christman & Shalk, P.A.
>800 North King Street, Suite 200
>P.O. Box 1276
>Wilmington, DE 19899
>(302) 594-4500