## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| BARBARA R. JOHNSON, | ) | |
| Plaintiff, | ) | |
| v. | ) | C. A. No. 07-CV-00685 (SLR) |
| NANTICOKE MEMORIAL HOSPITAL, INC., et al., | ) | |
| Defendants. | ) | |

## STIPULATED CONFIDENTIALITY PROTECTIVE ORDER

It is hereby stipulated between the parties that:

1.     As to any documents, materials or information produced or disclosed in this action by any party designated by that producing party as being "confidential," such documents, materials or information (including any copies or summaries of the contents thereof) shall not be shown or otherwise divulged to any entity or person except the parties, lawyers, persons noticed for deposition in this Action, experts and consultants specifically retained by the parties to this lawsuit for use only in connection with this action.

2.     The individuals identified in the preceding paragraph receiving said information shall use said information only for purposes of this litigation and shall not give, show or otherwise divulge any of the documents, materials or information produced which are designated as "confidential" or the content or summaries thereof to any other entity or person.  All such individuals receiving said information shall acknowledge in writing beforehand that they are bound by this agreement on the form attached as Exhibit A to this Agreement, except for the lawyers retained by the parties.

3.      All transcripts, depositions, exhibits or other pleadings or filings in this action which contain or otherwise set forth documents, information or other materials, or the contents thereof, which have been previously designated as "confidential," shall likewise be subject to the terms herein. Any such transcripts, depositions, exhibits, pleadings or other such documents or materials containing such confidential information, and that are otherwise required under the Local Rules to be filed with the Court, shall not be electronically filed with the Court but shall, instead, be physically filed in a sealed envelope or container which shall bear: the caption of this action; a reference to this Agreement and Order, an indication of the nature of the contents of the envelope or container; the words "CONFIDENTIAL"; and a statement noting that the envelope or container is not to be opened, nor the contents thereof to be displayed or revealed, except by express Order of the Court. The filing attorney shall make an electronic entry on the Court's docket corresponding to the title of the document, with the attachment to the entry being a single page noting just the words "SEALED DOCUMENT". No other or further filing shall be made, unless otherwise directed by the Court.

4.      Upon conclusion of this action, by settlement or otherwise, each party's respective counsel shall return to counsel for the producing party all documents or other materials produced by that party which are the subject of this Protective Order, including the return of any and all copies or summaries thereof (including but not limited to any such materials in the possession of experts or consultants), except those comprising any trial or appellate court record. Counsel for the parties shall also provide the counsel for the producing party an acknowledgement signed by each person to whom the protective documents, materials and information were disclosed. As to any confidential documents and materials which comprise any portion of the trial or appellate record, they shall remain confidential and shall continue to be sealed in accordance with the terms of Paragraph 3 of this Protective Order. This Protective Order shall not prevent parties from designating or marking

- 2 -

confidential documents as exhibits for purposes of summary judgment briefing, or examining any

witness at depositions provided that the above terms are satisfied and fulfilled.

        5.     A producing party's designation of any documents, information or materials as

confidential shall be subject to review by this Court on motion by any party. Should any party believe

that any particular documents, information or materials furnished by a producing party and designated

as confidential are not entitled to protection under the terms of this Protective Order, then that party

may move the Court for resolution of the issues. The disputed documents are to be treated as

confidential pending resolution by the Court. The party designating as "confidential" any document,

information or materials has the burden of proving the confidentiality of those materials in the event

any party takes issue with that designation and files a motion as herein described.

STIPULATED TO BY:

| | |
|---|---|
| _____ | _____ |
| Eric M. Andersen (Del. Bar #4376) | Michael P. Migliore (Del. Bar #4331) |
| Cooch and Taylor | Patrick R. Kingsley, Esquire (Pro Hac Vice) |
| 824 N. Market Street, Suite 1000 | Stradley Ronon Stevens & Young, LLP |
| Wilmington, DE 19801 | 300 Delaware Avenue, Suite 800 |
| (302) 984-3800 | Wilmington, DE 19801 |
| *Attorneys for Plaintiffs* | (302) 576-5850 |
| | *Attorneys for Defendants* |

## **ORDER**

        The foregoing is hereby ORDERED this _____ day of _____, 2008,

upon stipulation of the parties.

                                      _____

                                      The Honorable Sue L. Robinson
                                      United States District Court Judge

Exhibit A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BARBARA R. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | C. A. No. 07-CV-00685 (SLR) |
| | ) | |
| v. | ) | |
| | ) | |
| NANTICOKE MEMORIAL HOSPITAL, INC., AND NANTICOKE HEALTH SERVICES, INC., | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ACKNOWLEDGEMENT OF PROTECTIVE ORDER

The undersigned, first being duly sworn, deposes and says:

1.      I have been asked by counsel in this action to receive and/or review certain materials or information that have been designated as "confidential" within the terms of the Confidentiality Protective Order and/or Agreement.

2.      As a prior condition of my being permitted to receive and/or review any "confidential" material, I have read the aforementioned Stipulated Confidentiality Protective Order and/or Agreement and agree to be bound by its terms.

3.      I understand that these documents are legally binding upon me. I hereby agree to submit to the jurisdiction of the United States District Court for the District of Delaware for enforcement of any claimed violation of the terms of the Stipulated Confidentiality Protective Order and/or Agreement or of this Affidavit and agree that such jurisdiction shall survive the termination of this action.

_____

# 750022 v. 1

## CERTIFICATE OF SERVICE

I, Michael P. Migliore, Esquire, certify that I have had served via the CM/ECF filing system and via electronic mail, on this 30th day of May, 2008, a true and correct copy of Stipulated Confidentiality Protective Order on behalf Nanticoke Memorial Hospital, Inc., et al. to:

Eric M. Andersen (Del. Bar#4376)
Cooch and Taylor
824 N. Market Street, Suite 1000
Wilmington, DE  19801
(302) 984-3800
*Attorneys for Plaintiffs*

/s/ Michael P. Migliore
Michael P. Migliore (Del. Bar #4331)
STRADLEY RONON STEVENS & YOUNG, LLP
300 Delaware Avenue, Suite 800
Wilmington, DE 19801
Telephone: (302) 576-5850
Facsimile:  (302) 576-5858
E-mail: mmigliore@stradley.com

*Counsel for Defendant, Nanticoke Memorial
Hospital, Inc. et al.*

B # 793159 v.1